**QINGGUI LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–1213–AG.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

H. Raymond Fasano, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present: PIERRE N. LEVAL, B.D. PARKER, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Qinggui Liu, a native and citizen of the People's Republic of China, seeks review of a March 13, 2008 order of the BIA affirming the April 25, 2006 decision of Immigration Judge ("IJ") Sarah M. Burr, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qinggui Liu,* No. A96 040 872 (B.I.A. Mar. 13, 2008), *aff'g* No. A96 040 872 (Immig. Ct. N.Y. City Apr. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ Upon our review of the record, we conclude that the BIA did not err in finding that Liu failed to establish his eligibility for relief. Liu's application was based on two independent claims: (1) that he will suffer persecution if returned to China for being a member of an underground Chris-

tian church; and (2) that as an illegal emigrant, he is a member of a particular social group and will be persecuted if returned to China. With regard to the former, substantial evidence supports the agency's conclusion that Liu's intention to participate in an underground Christian church in China is "speculative at best" when he has not been involved in an underground church in the past, and did not know of any underground churches in his village. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). We decline to consider Liu's unexhausted argument that the agency failed to consider the impact of his religious activities since he has been in the United States. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007). Thus, Lin's claim based on his religious beliefs fails.

With respect to his illegal departure claim, we find no error in the BIA's holding that: (1) the particular social group that Liu articulated is insufficient to merit relief because it is "defined exclusively by the harm allegedly suffered by its members"; and (2) Liu fails to submit any evidence that indicates that his "proposed group would be perceived as [a] group by society." Such arguments are largely foreclosed by our decision in *Ucelo–Gomez v. Mukasey,* 509 F.3d 70, 72–73 (2d Cir. 2007). *See also Matter of A–M–E & J–G–U–,* 24 I. & N. Dec. 69, 73–74 (BIA 2007). Thus, we will not disturb the agency's denial of Liu's application for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (denying petitioner's withholding of removal claim when she was unable to show the objective likelihood of persecution needed to make out an asylum claim, which has a lower standard than withholding of removal).

■ Finally, substantial evidence supports the agency's finding that Liu failed

to establish his eligibility for CAT relief based on his illegal departure from China. Before the IJ, Liu testified that he had "[n]o idea" how long he would be imprisoned if he were returned to China. Thus, as the BIA properly held, he has "merely submitted general background materials regarding the treatment of illegal emigrants, imprisonment, and torture in China ... without presenting any evidence that someone in his particular circumstances is more likely than not to be tortured or imprisoned in China." Without any particularized evidence, Liu has not demonstrated that he is more likely than not to be tortured. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) (holding that a petitioner cannot establish her burden "based solely on the fact that [she] is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons). Accordingly, the BIA did not err in denying Liu's CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).